UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br><br>      Plaintiff,<br><br>    v.<br><br>THE COUNTY OF VENTURA, *et al.*,<br><br>      Defendants. | Case No. 1:26-cv-03847-FJS (PC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

Plaintiff Patrick A. Cannavan ("Plaintiff"), a state prisoner proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claims arose in Ventura County, which is in the Central District of California. Therefore, Plaintiff's claims should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 512 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is transferred to the United States District Court for the Central District of California; and

2. This court has not ruled on Plaintiff's request to proceed *in forma pauperis*. (ECF No. 2.)

IT IS SO ORDERED.

Dated: __**May 20, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE